ROBERTSON, Justice,
for the court:
I.
This case involves the Town of Madison’s efforts to take a portion of Bear Creek *801 Water Association’s Certificate of Public Convenience and Necessity (hereafter “Certificate”) to provide water services to a certain area of southern Madison County. In Bear Creek Water Association, Inc. v. Town of Madison, 416 So.2d 399 (Miss. 1982) (hereafter “Bear Creek I”), this Court held that the trial court had employed an erroneous measure of just compensation and on Bear Creek’s appeal reversed a condemnation award of $920.37. At retrial on December 2, 1983, in the Special Court of Eminent Domain of Madison County, the jury awarded Bear Creek $134,250.00 for the aforementioned taking. Madison thereafter perfected the instant appeal.
In 1985, the Town of Madison sought to acquire further facilities in areas within its expanded city limits, facilities other than those it sought to take in Bear Creek I. To that end the Town of Madison instituted a second and separate eminent domain proceeding (hereafter “Bear Creek II”) to take another portion of Bear Creek’s Certificate. Because Bear Creek is financed by Farmers Home Administration, (hereafter “FmHA”), that federal agency intervened and removed Bear Creek II to the United States District Court for the Southern District of Mississippi. Once in federal court, Bear Creek invoked the provisions of 7 U.S.C. § 1926(b) and sought to bar Madison’s right to condemn any portion of Bear Creek’s facilities and Certificate.[1] The U.S. District Court entered summary judgment for Bear Creek. Thereafter, the United States Court of Appeals for the Fifth Circuit affirmed, holding that 7 U.S.C. § 1926(b) does indeed prohibit any municipality’s taking via condemnation proceedings a water association’s right to furnish water services, so long as that water association is indebted to FmHA. City of Madison, Mississippi v. Bear Creek Water
Association, Inc., 816 F.2d 1057, 1059 (5th Cir.1987).
In the case at bar, Bear Creek did not plead the prohibition of 7 U.S.C. § 1926(b) nor was the matter asserted on appeal in Bear Creek I or upon remand. FmHA never intervened in the present action nor did Bear Creek seek to have it joined as a party.
II.
While the instant appeal was pending before this Court, Madison filed a motion to remand this action to the Special Court of Eminent Domain of . Madison County for that court to consider the applicability of 7 U.S.C. § 1926(b) in light of the Fifth Circuit’s opinion in Bear Creek II. Bear Creek answered, requesting that Madison’s motion to remand be denied and that the present eminent domain action be dismissed on the authority of Bear Creek II. Alternatively, Bear Creek requested that this appeal proceed to oral argument.
Thereafter, Madison replied, seemingly acquiescing in Bear Creek’s request for dismissal. Due to a lack of clarity regarding the actual positions of each party, this Court called a conference between the parties to address the various motions filed and relief sought.
III.
The parties agree that 7 U.S.C. § 1926(b), as interpreted and applied in Bear Creek II — City of Madison, MS. v. Bear Creek Water Association, Inc., 816 F.2d 1057 (5th Cir.1987) — controls the disposition of this appeal. Bear Creek has submitted an affidavit from Anne King, Secretary-Treasurer and Manager of Bear Creek, establishing that Bear Creek is indebted to FmHA in excess of 1.4 million dollars. Accordingly, since Bear Creek is financed by FmHA, 7 U.S.C. § 1926(b) as interpreted *802 by the Fifth Circuit in Bear Creek II serves to bar Madison from instituting any eminent domain proceedings against Bear Creek to take a portion of its Certificate. The parties now agree that, on the authority of Bear Creek II, we must reverse and render.
Consistent with today’s decision, all water facilities conveyed or dedicated to Madison by the land and subdivision developers of the real property involved herein, shall be conveyed by the Town of Madison to Bear Creek within a reasonable time necessary for an orderly and efficient transition of service.
REVERSED AND RENDERED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.

. 7 U.S.C. § 1926(b) provides as follows:
(b) The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.